IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SAMANTHA E. GREENE § | |
| § | |
| v.   § | NO. 4:24-CV-00331-BD |
| § | |
| OFFICER BRYAN ALLEN § | |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Samantha Greene sued Officer Bryan Allen of the McKinney Police Department in his individual capacity for alleged use of excessive force in violation of 42 U.S.C. § 1983. Dkt. 1. Greene filed a motion for summary judgment that the court construes as a motion for default judgment. Dkt. 26; *see* Dkt. 27 (response). The motion will be denied.

### BACKGROUND

Greene moved to proceed in forma pauperis. Dkt. 2. The court granted that motion, ordered Greene to prepare service of process for Allen, and ordered the United States Marshal to serve process on Allen. Dkt. 5. Greene requested a summons to be served on Allen at "McKinney Police Department, 220 Taylor Burke, McKinney, TX 75071." Dkt. 6. The U.S. Marshal sent the summons and a copy of the complaint to that address by certified mail, return receipt requested. Dkt. 7. The parcel was received at that address by someone named Jaime R. on September 3, 2024. *Id.*; *see* United States Postal Service Tracking Information for parcel number 70192280000058410931. Allen answered on November 1. Dkt. 8. Greene then requested a clerk's entry of default against Allen, Dkt. 10, to which Allen responded, Dkt. 12. The clerk of court declined to enter a default, noting that Allen had filed an answer. Dkt. 25.

Greene moved for summary judgment, but the motion seeks a judgment against Allen because, in Greene's view, he did not timely answer her complaint. Dkt. 26. Allen responded, pointing out that the motion seeks only a default judgment on the same grounds rejected in the earlier request for an entry of default. Dkt. 27; *see* Dkt. 12.

## LAW

Federal Rule of Civil Procedure 55 sets out the procedure for obtaining an entry of default and a default judgment. There are three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12. Fed. R. Civ. P. 55(a). Next, if the plaintiff establishes the defendant's default by affidavit or otherwise, the clerk makes an entry of default in the court record. *Id.* Finally, the plaintiff may apply for a default judgment either to the clerk, Fed. R. Civ. P. 55(b)(1), or to the court, *id.* R. 55(b)(2).

## DISCUSSION

The motion fails at step one because Greene has not established that Allen failed to timely respond to the complaint. She argues that the U.S. Marshal executed service on August 26, so Allen's answer was due by September 24. In her view, Allen's answer on November 1 was untimely and entitles her to judgment in her favor. Allen argues that he was not properly served and did not receive the summons and complaint until October 16, making his November 1 answer timely. Dkt. 12 at 1. He argues that a default judgment is warranted only if the movant meets her burden to prove valid service of process, which Greene cannot do. *Id.* at 2.

Federal Rule of Civil Procedure 4(e) permits service on an individual by several methods, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Texas law permits service by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(b). In Texas, "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). The defendant must file an answer or a motion in lieu of an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A), (a)(4).

Greene provided the U.S. Marshal with an address for the McKinney Police Department at which to serve Allen. Dkt. 6. According to Allen, a mailroom employee at the McKinney Police Department received the parcel containing the summons and complaint. Dkt. 12 at 3. Allen received the summons and complaint on October 16, after an attorney for the City of McKinney forwarded it to him. *Id.* Greene does not argue that Jaime R., the mailroom employee, was authorized to receive service on Allen's behalf or explain how service by mail to the police department was proper service on Allen.

"The plaintiff bears the burden of proof regarding sufficiency of service of process," *United States ex rel. Proctor v. Next Health LLC*, No. 4:17-CV-00169-ALM-KPJ, 2022 WL 17731825, at *1 (E.D. Tex. Oct. 21, 2022), *report and recommendation adopted*, No. 4:17-CV-00169-ALM-KPJ, 2023 WL 123788 (E.D. Tex. Jan. 6, 2023), and a default judgment must not be entered against a party who has not been properly served, *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002). Greene has not met her burden to show that Allen was properly served on August 26 or any other date.

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is a drastic remedy not favored by the Federal Rules and is used only in the most extreme cases. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Default judgments "are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation marks omitted). Based on those authorities, which demonstrate the Fifth Circuit's "policy in favor of resolving cases on their merits and against the use of default judgments," *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999), Greene's motion should be denied.

## CONCLUSION

It is **ORDERED** that Greene's motion for summary judgment, Dkt. 26, is **DENIED**.

So **ORDERED** and **SIGNED** this 10th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge